E-FILED
Monday, 10 September, 2012  12:24:51 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NATHANIEL GIVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3212 |
| | ) | |
| HIRAM GRAU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff filed this case pro se during his incarceration in Robinson Correctional Center.  He alleges that Defendant Grau, the Director of the Illinois State Police, erroneously reported that Plaintiff was required to register as a sex offender.  After filing this case, Plaintiff was released on parole.  The case is before the Court for a merit review pursuant 28 U.S.C. § 1915A.

1

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary.  The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). <u>Zimmerman v. Tribble</u>, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>EEOC v. Concentra Health Serv., Inc.</u>, 496 F.3d 773, 776 (7th Cir. 2007)(*quoting*

2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation

omitted)).  The factual "allegations must plausibly suggest that the

plaintiff has a right to relief, raising that possibility above a 'speculative

level.'" Id. (quoting Bell Atlantic, 550 U.S. at 555).   "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the

misconduct alleged . . . .  Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citing Bell Atlantic, 550

U.S. at 555-56).  However, pro se pleadings are liberally construed when

applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir.

2009).

## ALLEGATIONS

In the Fall of 2011, while incarcerated in Robinson Correctional

Center, Plaintiff asked to attend a class or program provided by the

prison.  The Court cannot discern what kind of class or program Plaintiff

wished to attend, but in any event his request was denied for the stated

reason that Plaintiff's category of criminal offense rendered him ineligible for the program.  (11/2/11 response to Plaintiff's request, attached to Complaint, d/e 1, p. 16.)  Upon further inquiry, Plaintiff learned that the Illinois State Police had mistakenly determined that Plaintiff must register as a sex offender, which had caused Plaintiff's disqualification for outside clearance, work release, and other programs at the prison. (11/23/11 memo from IDOC to Plaintiff, attached to Complaint, d/e 1, p. 18.)  Plaintiff was not required to register as a sex offender because his offense—keeping a place of prostitution—did not require such registration.

Plaintiff wrote to the Illinois Sex Offender Registry to clear up the mistake.  On January 20, 2012 the Registry sent Plaintiff a letter informing him that the mistake had been corrected.  The letter explained, "Your criminal history had the wrong conviction information for this offense, we have contacted the Bureau of Identification to have your criminal history corrected on your behalf."  (1/20/12 letter from Illinois State Police, attached to Complaint, d/e 1, p. 20.)  Plaintiff then again

4

asked for entry to the prison program but was informed that the prison had not yet received confirmation of the correction from the Illinois State Police.  Whether the prison did eventually receive that confirmation is not in the record, but the Court presumes that Plaintiff was not allowed to participate in the program even after the correction.  Plaintiff was released on parole in August, 2012.  www.idoc.state.il.us (offender search, last visited 9/5/12).

## ANALYSIS

Mistakes on a sex offender registry can implicate constitutionally protected liberty interests. Schepers v. Commissioner of Indiana, — F.3d —, 2012 WL 3667401 *5 (7th Cir. 2012).  A person mistakenly listed on the registry is entitled to a meaningful opportunity to challenge the mistake.  Id.  (finding a due process violation where no procedure existed for unincarcerated persons to correct registry errors and procedures for incarcerated persons did not require meaningful review).

However, here Plaintiff received an opportunity to fix the error and did so.  He contacted the Illinois State Police; his claim was investigated; and the mistake was fixed.  Accordingly, he received all the process he was due.  *See* Morrissette v. Peters, 45 F.3d 1119, 1122 (7th Cir. 1995) ("There is no denial of due process if the error the  inmate complains of is corrected in the administrative appeal process.").

As an incidental consequence of the mistake, Plaintiff was denied entry into a prison program.  The persons who denied Plaintiff entry into that program are not named as Defendants, but even if they were, no claim would be stated against them.  Plaintiff had no constitutional right to educational, vocational, or rehabilitative programs in prison. Zimmerman v. Tribble, 226 F.3d 568 (7th Cir. 2000)(access to prison programs which might permit accumulation of good conduct credit is not a constitutionally protected liberty interest); Higgason v. Farley, 83 F.3d 807, 809 (7th Cir. 1996)(denial of access to "social and rehabilitative activities" in prison was not an "atypical and significant deprivation" triggering due process rights); Madyun v. Thompson, 657 F.2d 868, 874

(7th Cir. 1981)(failure to provide educational and vocational programs in prison does not violate Eighth Amendment).  Therefore, the denial of his request, whether that denial was correct or mistaken, did not violate Plaintiff's constitutional rights.

IT IS THEREFORE ORDERED:

1)    The merit review hearing scheduled for September 17, 2012 is cancelled as unnecessary.  The clerk is directed to notify Plaintiff.

2)    Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  This case is closed.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3)    This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

4)    If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma

pauperis should set forth the issues Plaintiff plans to present on

appeal.  See Fed. R. App. P. 24(a)(1)(C).

ENTERED:   September 10, 2012

FOR THE COURT:

                       s/ Sue E. Myerscough
                        SUE E. MYERSCOUGH
                 UNITED STATES DISTRICT JUDGE